IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Avery Sims, #288655 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Captain NFN Kitchen, and )<br>MCO S. McClanahan, )<br>)<br>Defendants. )<br>) | Civil Action No.8:08-1049-GRA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff brought this action alleging civil rights violations pursuant to 42 U.S.C. § 1983. Before the court are the defendants' motion for summary judgment (Dkt. # 19) and the plaintiff's motion for summary judgment (Dkt. # 30).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff brought this action on March 31, 2008. On August 22, 2008, the defendants filed a motion for summary judgment. (Dkt. # 19.) By order filed August 25, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 20.) On January 5, 2009, the plaintiff filed his own motion for summary judgment. (Dkt. # 30.)

## I. FACTS

During the incidents alleged in the complaint, the plaintiff was a pretrial detainee housed at the Newberry County Detention Center ("NCDC"). While at the NCDC, the plaintiff alleges the defendant McClanahan violated his civil rights by opening and reading his legal mail in his absence and refusing to act as a notary for the plaintiff. (Compl. at 3.) The plaintiff alleges that the defendant Kitchen violated his civil rights due to the conditions

of his confinement.  (*Id.*)  He alleges seventeen specific conditions: 1) no heat in the winter, no weatherstripping around the doors or the windows; 2) no access to a law library; 3) overcrowding; 4) open sewer drains with harmful gases ; 5) no access to phone books or bonding companies; 6) inmates are not allowed to obtain copies of the warrants or anything pertaining to the charges for which they are being held;  7) mold and mildew on walls in restrooms and peeling paint; 8) inappropriate food portions and three days per week no meat is served; 9) water leaking from sinks and toilets causing one inmate to fall; 10) insufficient number of officers present for security; 11) overcrowding with at least five inmates having to sleep on the floor at all times; 12) all offenders are housed together ; 13) not enough fresh water because there is only one ten gallon water cooler of fresh water for over forty inmates; 14) inadequate meals; 15) mentally challenged inmates are housed with general population; 16) no meat is served at all three days per week; and spiders and other insects come into the sleeping quarters through the drains.  (Compl. 3-4.)   The plaintiff is seeking three million dollars in punitive damages and an investigation into the conditions at the NCDC.  (Compl. at 5.)

## II. **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of

the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### III. DISCUSSION

**A. Prison Conditions Claims**

As noted above, the plaintiff lists numerous problems with the NCDC which he alleges violated his constitutional rights. The defendants contend they are entitled to summary judgment. The undersigned agrees.

Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). To prevail on a conditions of

confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988)).

The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Further, the plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment. *Id*. at 1380-1381. To survive summary judgment, the plaintiff must show more than de minimis pain or injury.

Applying these principles to the plaintiff's allegations, the undersigned concludes that he has failed to state a claim under the Eighth Amendment. The plaintiff complains of no injury whatsoever and there is no indication that the complained of conditions have resulted in any injury, much less a serious or significant one. Nor does the plaintiff present any facts indicating an "extreme" deprivation or a "substantial risk." The plaintiff's allegations about his conditions of confinement, at most, amount to discomfort, and not a claim of constitutional magnitude.

Additionally, the plaintiff alleges these conditions of confinement claims against only the defendant Kitchen. Kitchen is the Director of the NCDC. (Defs.' Mem. Supp. Summ. J. Mot. Attach. #2 - Kitchen Aff. ¶ 3.) "It is well-settled that '[in order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally

in the deprivation of the plaintiff's rights.' " *Davis v. DSS of Baltimore CTY.*, 941 F.2d 1206 (4th Cir.1991) (unpublished)(*quoting Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985). The plaintiff merely makes conclusory allegations that the defendant Kitchen is responsible for the conditions of his confinement. The plaintiff has failed to allege that the defendant Kitchen committed any specific act.

Furthermore, "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondent superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Slacken v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff merely makes conclusory allegations that this defendant is responsible for the conditions of his confinement.

Further, the plaintiff has also failed to establish that there was a policy or custom that caused him any injury. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977). The plaintiff has failed to allege facts which would support a finding the defendant Kitchen liable as a supervisor. Accordingly, the plaintiff's claims against the defendant Kitchen should be dismissed.

To the extent the plaintiff attempts to allege a claim for another inmate in his complaint when he references an inmate falling on the wet floors, the undersigned notes that he cannot assert claims on behalf of other inmates. *Hummer v. Dalton*, 657 F.2d 621 (4th Cir.1981)(holding a prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights).

Based upon the foregoing, the undersigned concludes that the plaintiff has failed to state a claim and the defendants should be granted summary judgment.

**B.  Denial of Access to the Courts Claims**

The plaintiff alleges he has no access to a law library. (Compl. at 3.) To the extent that the plaintiff has attempted to allege a denial of access to the courts claim, this claim should be dismissed.

Reasonable access by prisoners to both state and federal courts is a guaranteed right, *Ex parte Hull*, 312 U.S. 546 (1941), and states must affirmatively provide inmates with either law libraries or persons trained in law to prosecute habeas and civil rights claims. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, in order to prevail on an access to courts claim, it is not enough for a prisoner merely to state that the legal services available to him are inadequate. "[T]he inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

To state a claim that the defendants have abridged his right of access to the courts, the plaintiff must demonstrate some actual harm or prejudice to his ability to communicate with the court or with counsel. *Lewis,* 518 U.S. 343 (holding that when an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis,* 518 U.S. at 353-55.  The plaintiff has not alleged or established any actual injury which would satisfy the *Lewis* standard, such as a missed deadline or an inability to pursue

a meritorious claim. Accordingly, the plaintiff's access claims should be dismissed and the defendants granted summary judgment.

## C.  Claim for Failure to Follow Grievance Procedures

The plaintiff also alleges he attempted to file a grievance but he was not given the proper forms. (Compl. at 2.) To the extent that the plaintiff alleges a claim based upon the defendants' failure to provide him with the proper grievance forms, this claim fails.

Even assuming the plaintiff's allegations are true, the plaintiff has not stated a constitutional claim. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Further, even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure").

## D. Qualified Immunity

The defendants also contend they are entitled to qualified immunity in their individual capacities. The undersigned agrees.

The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818. Thus, determining whether an official is entitled to qualified immunity requires that the court make a two-step inquiry "in proper sequence." *Parrish v. Cleveland,* 372 F.3d 294, 301-02 (4th Cir. 2004) (*quoting Saucier v. Katz,* 533 U.S. 194, 200 (2001)). As a threshold matter, the court must determine whether, taken in the light most favorable to the plaintiff, the facts

7

alleged show the defendants' conduct violated a constitutional right. *Id.* If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and the plaintiff cannot prevail. *Id.* If the facts do establish such a violation, however, the next step is to determine whether the right violated was clearly established at the time of the alleged offense. *Id.* In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Id.* "If the right was not clearly established in the 'specific context of the case'-that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted'-then the law affords immunity from suit." *Id.* (*quoting Saucier*, 533 U.S. at 201).

As discussed above, the plaintiff has failed to show that the defendants violated any of his clearly established constitutional or statutory rights. Accordingly, the defendants are entitled to qualified immunity.

## IV.  **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 19) be GRANTED; the Plaintiff's Motion for Summary Judgment (Dkt. # 30) be DENIED; and the complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 13, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).